(No. 2029—

MARION I. CHURCH, ADMINISTRATRIX OF THE ESTATE OF KENNETH L. CHURCH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 1, 1933.*

WILLIAM L. LEECH, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE LINSCOTT delivered the opinion of the court:

The declaration in this case sets forth that on the 5th day of December, A. D. 1931, Kenneth L. Church was in the employ of the State of Illinois as a motorcycle highway patrolman, which position he had occupied for about seven years. It was a part of his duties to patrol the highways of the State of Illinois, particularly the highways leading from the City of Dixon, Illinois; that on the said 5th day of December, 1931, he was patroling route number two between the cities of Dixon and Amboy, under orders from his superior officer, and was directing a funeral near the city of Amboy, Lee County, Illinois, and while returning to Dixon, one Burton L. Reed carelessly, recklessly and negligently collided with him while he was riding a motorcycle and the said Kenneth L. Church was thrown upon the ground, from which he received injuries and died at the Dixon Public Hospital about one hour after the injury occurred.

He was thirty-six years of age and left him surviving, his wife, Marion I. Church, and Kenneth L. Church, Jr., a son eleven weeks old at the time of the injury. The said deceased was living with his wife and baby and they were wholly dependent upon him.

The facts are not in dispute. At the time deceased died, he received One Hundred Fifty Dollars ($150.00) per month from the State for his services. There was a small hospital bill and medical bill, which were paid by the State.

This court has held that deceased's duties, that of a State Highway Maintenance Policeman, are extra-hazardous in fact and of such a nature as to be properly classified as extra-hazardous under the Compensation Act. His duties required him to assist in maintaining the State hard road system and are considered as coming within Section 3 (1) and/or section 3 (3) of the Workmen's Compensation Act of 1911, as subsequently amended.

Under the provisions of section 7 (2) of the Workmen's Compensation Act, a widow is entitled to the maximum amount of $4,000.00 on account of the death of her husband. This amount is increased by Paragraph (h) 3 of the same section to $4,450.00 in the case of one dependent minor child under the age of sixteen years at the time of the death of the employee.

If the Legislature should make an appropriation in this case, we estimate it would be available for claimant on or about August 1st, 1933. Therefore, nothing should be commuted upon the payments which should have been made up to that time, and commuting the balance of the payments, pursuant to the Compensation Act, we find that the claimant receive the sum of Four Thousand Two Hundred Eighty-nine Dollars and Eighty-one Cents ($4,289.81).

We, therefore, recommend to the Legislature that an appropriation be made, payable to the order of Marion I. Church, administratrix of the estate of Kenneth L. Church, deceased, in the sum of $4,289.81.